UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| MORGAN HOUSTON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV412-194 |
| | ) | CR409-058 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

This Court sentenced movant Morgan Houston to 180 months' imprisonment for possession of a firearm by a convicted felon. (Cr. doc. 57.[1]) He now seeks 28 U.S.C. § 2255 relief, contending that he should not have been sentenced as an Armed Career Criminal, since he had not accumulated the requisite "violent felony" or "serious drug" offenses mandating a minimum sentence of 180 months under the Armed Career Criminal Act ("ACCA"), found at 18 U.S.C. § 924(e). (Doc. 1 (§ 2255

---

[1] "Doc." citations are to the docket in Houston's civil case, CV412-194; any citation to his criminal case will be notated "Cr. doc." Additionally, page references are to the CM/ECF screen page rather than the referenced document's own internal pagination.

motion).) He also faults his attorney for failing to advise him that he did not qualify for the sentencing enhancement. (*Id.*) The trouble is, Houston *did* qualify for the enhancement. Hence, his claims fail.

On August 31, 1984, at the age of 18, Houston received a 10-year aggravated assault conviction for shooting someone after a football game in Garden City, Georgia. (Presentence Investigation Report (PSI) ¶ 24.) He was paroled in 1988, but by June 1992 he was again convicted of a crime, this time for the sale of cocaine and marijuana. (PSI ¶ 25.) He received a 13-year sentence, but was paroled in 1996. (*Id.*) After some miscellaneous trouble with the law, including convictions for drug possession and simple battery, Houston was busted again in 2001 for trafficking in cocaine. (PSI ¶ 28.) He was sentenced to serve 10 years' imprisonment, but was again paroled early, this time in 2006. (*Id.*)

The instant offense conduct occurred in 2009. Working with a confidential informant, local police officers learned that Houston was again selling powder cocaine and had several weapons in his residence. (PSI ¶ 4.) Agents entered the residence and found Houston flushing

cocaine down the toilet. (PSI ¶ 5.) He wasn't fast enough, as the agents discovered that he still had several smaller bags of cocaine in his possession, and a gun was lying nearby. (*Id.*) He was charged with trafficking in drugs and possession of a firearm by a convicted felon. (Cr. doc. 1 (indictment).)

At the age of 47, Houston has spent most of his adult life in prison, on parole, or on probation, for his repeated drug and gun-related offenses, yet he insists that he is not an Armed Career Criminal within the meaning of the statute. (Doc. 1; doc. 2 (memo); doc. 7 (reply to government's response).) He presents somewhat of a moving target. Initially, he claimed that the enhancement was applied based on convictions for simple possession and simple battery. (Doc. 2 at 5.) Those convictions, which resulted in probated sentences, were not the basis for the enhancement. (PSI ¶¶ 26, 27, & 32 (explicitly stating that the enhancement was based upon the three crimes discussed above).) After the government pointed that out in its response (doc. 5), Houston

changed tack (doc. 7).² He now concedes that the sentencing enhancement was based upon the major convictions discussed above, but he claims that his 1992 conviction for the sale of cocaine and marijuana does not qualify as a predicate "serious drug offense" conviction, since convictions on either the marijuana or cocaine charges could only result in 3-7 year sentences.³ (*Id.* at 4-5.)

Under the terms of the recidivist statute, "serious drug offenses" must be punishable by a maximum term of imprisonment of ten or more years. 18 U.S.C. § 924(e)(2)(A)(ii). While Houston insists, without any support, that he faced only a 3-7 year sentence under the applicable Georgia statute, he is mistaken at best. At the time of Houston's

---

² The government asks that the Court construe Houston's response as a motion to amend the pleadings, but notes that it does not oppose the motion. (Doc. 8 at 2.) As will be seen in text, any amendment would be futile, and thus subject to denial under Fed. R. Civ. P. 15. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Nevertheless, for the purposes of this Report and Recommendation, the Court **GRANTS** Houston's implicit motion to amend. (Doc. 7.)

³ He also claims that the 1984 conviction is too old to count. (Doc. 2 at 9-10.) Houston relies on Guidelines provisions limiting the time period in which sentences can be counted towards a defendant's criminal history category. (Doc. 2 at 9.) The ACCA enhancement is statutory however, and there is no remoteness bar for counting ACCA offenses. *See United States v. Green*, 904 F.2d 654, 655 (11th Cir. 1990) (noting that the statute itself is silent on remoteness and holding that the rules of statutory construction permit the counting of a 30-year-old conviction and sentence for ACCA purposes).

conviction, Georgia law provided that a person convicted of selling controlled substances must be "punished by imprisonment for not less than five years nor more than 30 years." O.C.G.A. § 16-13-30(b) & (d) (1992). In fact, Houston was sentenced to 13 years on the cocaine counts and 10 years concurrent on the marijuana count. (PSI ¶ 25.) In other words, he received a sentence higher than the 3-7 year range he now insists upon. Since the maximum sentence under the statute exceeds 10 years, the 1992 conviction qualifies as a "serious drug offense." Houston, then, fit the ACCA enhancement, so cannot fault the Court for applying it or his attorney for failing to challenge it.[4]

---

[4] On ineffective assistance of counsel claims the Court applies *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which created a two-part test for determining whether counsel performed ineffectively. First, the movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." 484 U.S. at 687. Second, the defective performance must have prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

For the foregoing reasons, Houston's § 2255 motion should be **DENIED.** Applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And since there are no non-frivolous issues to raise on

---

Under the performance prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690. It is generally appropriate to look to counsel's performance throughout the case in making such a determination. *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986). The movant carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Indeed, Houston must show that "'no competent counsel would have taken the action that his counsel did take.'" *Ford v. Hall*, 546 F.3d 1326, 1333 (11th Cir. 2008), *quoting Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc).

For the prejudice prong Houston must show that there was a reasonable probability that the results would have been different but for counsel's deficient performance. *Kimmelman*, 477 U.S. at 375; *Strickland*, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Lightbourne v. Dugger*, 829 F.2d 1012, 1022 (11th Cir. 1987); *Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1983).

Here, Houston has utterly failed to show that his attorney rendered deficient performance by failing to challenge the ACCA enhancement or by failing to explain it to him or investigate it in better detail.

6

appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 13TH day of March, 2013.

*/s/ M. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA